WALTER J. MITCHELL ET AL. *v.* INDIAN HEAD
STATE BANK.
[No. 97, October Term, 1932.]

*Decided February 1st, 1933.*

The cause was argued before BOND, C. J., URNER, OFFUTT,
PARKE, and SLOAN, JJ.

*John F. Mudd* and *William L. Rawls,* with whom was
*Walter J. Mitchell* on the brief, for the appellants.

*Joseph A. Wilmer* and *Charles T. Clayton,* for the ap-
pellee.

OFFUTT, J., delivered the opinion of the Court.
Prior to June 18th, 1918, Walter J. Mitchell, Leo K.
Farrall, and Walter H. Thomas entered into an oral agree-
ment under which (1) they were jointly to purchase for
$2,000 a tract of timber land in Charles County, (2) each

was to pay one-third of the purchase price, (3) the deed was to be taken in the name of Thomas, who (4) was to convey to Mitchell and Farrall, upon demand, a two-thirds interest in the property. To secure the purchase money, the three executed to the Charles County Bank of the Eastern Shore Company their joint demand promissory note for $2,000, and the proceeds of that note were delivered to Thomas, who bought the land and who took the title to it in his own name, under a deed from F. Stone Posey, trustee, *et al.*, dated June 18, 1918.

On March 9th, 1920, Thomas borrowed from the Indian Head State Bank $4,800 on his promissory note, secured by a confessed judgment entered on the judgment records of Charles County on the same day against him in favor of the bank.

On January 14th, 1922, Thomas, by his deed of that date, pursuant to his agreement with them, conveyed to Mitchell and Farrall a two-thirds undivided interest in the property which had been conveyed to him by Posey *et al.* on June 18th, 1918.

On January 3rd, 1922, an execution was issued on the judgment and on September 9th, 1925, a second writ of *fieri facias* was issued thereon. So far as the record discloses, no return was ever made on either writ, but on October 6th, 1925, Joseph H. Howard, the sheriff of Charles County, executed the following deed:

> "This Deed made this 6th day of October, in the year 1925, by me, Joseph H. Howard, Sheriff of Charles County, Maryland.
>
> "Witnesseth:—That by virtue of a writ of execution issued out of the Circuit Court for Charles County, Maryland, dated the 9th day of September in the year 1925, in a case in said Court of the Indian Head State Bank a body corporate, versus Walter H. Thomas, I, the said Joseph H. Howard, as Sheriff of said Charles County, Maryland, has sold to the said The Indian Head State Bank, a body corporate, the following property to wit:

"All that tract, piece, part or parcel of land and premises lying and situate in the Third Election District of Charles County, Maryland, known as 'Locust Grove' and 'Dunnington Place'; * * * containing 225 acres of land, more or less; being the same land and premises which was conveyed to the said Walter H. Thomas, by Deed from F. Stone Posey, Trustee, dated the 18th day of June, in the year 1918, which said Deed is recorded among the Land Records of Charles County, Maryland, in Liber W. M. A. No. 23, folio 197.

"Now, Therefore, I, Joseph H. Howard, Sheriff as aforesaid do hereby grant, bargain, sell and convey unto the said The Indian Head State Bank, a body corporate, its successors and assigns in fee simple in consideration of the premises and the sum of Five Hundred Dollars ($500.00) all the right, title and interest of the said Walter H. Thomas, in the hereinbefore Writ of Execution in and to the said hereinbefore described land and premises."

While that deed recites that the grantor had "sold" to the grantee the property described in the deed from Posey, trustee, *et al.*, to Thomas, in the granting clause he conveys "only the right, title and interest of the said Walter H. Thomas in the hereinbefore Writ of Execution in and to the said hereinbefore described land and premises." Thomas had of course no interest in the writ of execution, but no objection was made in the trial court as to the form of the deed, or to the right of the sheriff to execute the second writ. Nor has any been made in this court, but the deed was treated there, and, in the absence of any such objection, will be accepted here, as sufficient to convey the interest of Thomas, whatever it may have been, in the property.

On August 10th, 1926, Senator Mitchell and Leo K. Farrall filed in the Circuit Court for Charles County, in equity, their bill of complaint against the Indian Head State Bank, in which, after alleging in substance the facts recited above, they prayed that the deed from Howard to the Indian Head State Bank be rescinded and annulled as to their two-thirds

interest, on the ground that the judgment on which the writ issued was not a lien thereon.

The defendant in its answer denied the material allegations of the bill, except those relating to its judgment against Thomas, and the execution of the deed from the sheriff, which it admitted. Upon the issues raised by those pleadings, evidence was taken, the parties heard, and on August 2nd, 1932, a decree dismissing the bill was entered. The appeal is from that decree.

The appellants' theory of the case is that, in executing appellee's judgment against Thomas, the sheriff could only seize and sell what actually belonged to him; that at the time the execution was issued they actually owned a two-thirds interest in the property, and Thomas, while apparently owning the whole fee, actually owned only a one-third interest in it; that the judgment never was a lien on any thing more than that one-third interest; and that for that reason the sheriff had no right to seize or to sell any greater interest in the property than that.

Appellee's contention is that, irrespective of what appellants' interest in the property under the secret parol agreement may have been, since it was led by the conduct of the appellants in permitting Thomas to appear on the land records of the county as the sole owner of the property to lend him the money, the repayment of which the judgment was given to secure, appellants are now estopped from denying that as to it he was the sole owner thereof.

The trial court adopted the theory of the appellee and dismissed the bill, but it must have reached the same result had it adopted the theory of the appellants; for the only relief prayed in the bill was that the deed from the sheriff to the appellee be set aside and annulled as to their two-thirds interest. But the court would not have been authorized to grant that relief in any case, for the deed only granted Thomas' right, title, and interest in the property, whatever that may have been. It did not undertake to measure or define that interest, and, since it is conceded that Thomas did own at least a one-third interest in the property, the deed

should not be set aside as to appellants because in fact he owned more or less than that, for the sheriff was authorized to sell his interest in the property whatever it was, and, as he did neither more nor less, his act did not affect appellants.

There is no allegation in the bill that the Indian Head State Bank has ousted or attempted to oust appellants from the property; but, for anything the record contains, they may still be in possession of it under the deed from Thomas to them, which was recorded before the second writ of *fieri facias* issued. Whether the appellee is entitled under the deed from the sheriff to the land as its sole property, or only to a one-third interest in it, cannot possibly be determined in this proceeding, for the court would not be entitled to set aside the deed as to appellants on the theory that it defined and confined and conveyed their interest in the property, when as a matter of fact it only conveyed Thomas' interest therein.

If Thomas did in fact own the fee simple title to the entire property, then under the deed appellee took the entire title, but, if he owned only a one-third interest in it, then under the deed it took only a one-third interest therein, so that in neither event did the deed deprive appellants of any right to which they were entitled, nor in either event were they entitled to complain of it. It merely conveyed the interest which Thomas had, leaving it to the parties to ascertain what that interest was.

The effect of the decree dismissing the bill was to leave the parties free to pursue such remedies as may be appropriate to have their respective interests in the property measured and defined. The decree will therefore be affirmed.

*Decree affirmed, with costs.*